■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN RAMOS, Appellant. [961 NYS2d 354]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered on or about June 8, 2011, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Sweeny, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARTE, Appellant. [960 NYS2d 13]—

Judgment, Supreme Court, New York County (Thomas Farber, J., at suppression motion; Analisa Torres, J., at jury trial and sentencing), rendered January 3, 2011, convicting defendant of two counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of five years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony, without granting a hearing pursuant to *People v Rodriguez* (79 NY2d 445 [1992]). Defendant did not dispute the People's contention that defendant was sufficiently known to the victim so as to render the photo identification merely confirmatory, and there was no factual issue requiring a hearing (*see e.g. People v Rodriguez*, 47 AD3d 417 [2008], *lv denied* 10 NY3d 816 [2008]; *People v Murray*, 247 AD2d 292 [1st Dept 1998], *lv denied* 92 NY2d 857 [1998]).

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

The court properly exercised its discretion in admitting evidence that the victim experienced difficulty sleeping following the incident, and that he began seeing a psychiatrist. This evidence was relevant to prove that the victim was brutally beaten during the robbery, especially where a defense witness described the incident as a brief fistfight not resulting in injuries. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Román and Clark, JJ.